IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES A. NIEDERSTADT,

    Plaintiff,

v.                                                                               No. 18-cv-0929 WJ/SMV

S. DEP'T OF CORR. OF N.M.,
and STATE OF N.M.,

    Defendants.

## ORDER TO CURE DEFICIENCY

THIS MATTER is before the Court on the Letter Regarding Civil Rights Violation filed by Plaintiff Charles Niederstadt on October 3, 2018. [Doc. 1]. Plaintiff is incarcerated at the Southern New Mexico Correctional Facility. He alleges that prison officials discriminated against him based on his race. To the extent Plaintiff wishes to file a civil rights complaint pursuant to 42 U.S.C. § 1983, his filing is deficient because it is not on the proper form and does not appear to contain any request for relief. *See* D.N.M.LR-Civ. 10.2 (requiring every pleading to have a title that "clearly identif[ies] its substance . . . ."); *Gibson v. City of Cripple Creek*, 48 F.3d 1231, 1995 WL 94483, at *1 (10th Cir. Mar. 1, 1995) (unpublished table opinion) (stating that prisoner's civil complaint was required to set forth "a short plain statement of his claims showing that he is entitled to relief").

Plaintiff's filing is also deficient because he did not prepay the $400 civil filing fee. Plaintiff cannot cure this deficiency by filing an *in forma pauperis* application because he already filed three meritless complaints while incarcerated. *See* 28 U.S.C. § 1915(g) (2012) (stating that an inmate may not proceed *in forma pauperis* if she has, "on 3 or more occasions, while

incarcerated … brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted"). In two separate actions styled *Niederstadt v. Peralta*, No. 11-cv-0088 JB/KBM [Doc. 5] and No. 13-cv-0181 LH/CEG [Doc. 4], the Court dismissed Plaintiff's complaints for failure to state a colorable claim. In *Niederstadt v. Town of Carrizozo*, No. 13-cv-0346 KG/KBM [Doc. 14], the Court dismissed Plaintiff's complaint as untimely filed. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). Therefore, prepayment is the only way to satisfy the filing fee requirement in this case.

The Court will allow Plaintiff to cure the above deficiencies within 30 days of entry of this Order. He must include the civil action number (18-cv-0929 WJ/SMV) on all papers he files. Failure to timely cure the deficiencies may result in dismissal of this action without further notice. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Rule 41(b) . . . has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders.").

**IT IS ORDERED** that within 30 days of entry of this Order, Plaintiff must: (1) submit a civil rights complaint on the proper form; and (2) prepay the $400 filing fee. **IT IS FURTHER ORDERED** that the Clerk's Office mail to Plaintiff, together with a copy of this Order, a form § 1983 civil rights complaint.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**